UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD RICHARDSON,

Plaintiff,

v.

UNKNOWN MILLER, et al.,

Defendants.

Case No. 2:25-cv-287

Honorable Phillip J. Green

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 3.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

standards, the Court will dismiss Plaintiff's complaint[2] without prejudice for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following AMF staff: Correctional Officer (CO) Unknown Miller, CO Unknown Ranta, CO Unknown Palosarri, and Assistant Deputy Warden Unknown Wertanen. (Am. Compl., ECF No. 10, PageID.38.)[3]

In Plaintiff's complaint, he alleges that on November 20, 2025, Plaintiff received a "substitute meal" and informed Defendant CO Ranta.[4] (Compl., ECF No. 1, PageID.2.) Plaintiff submitted a written kite and had a "verbal exchange." (*Id.*) Defendant Ranta took the meal tray and "dialed the Control Center instead of Food

---

[2] Plaintiff initiated this action on December 4, 2025. (ECF No. 1.) On June 24, 2026, the Court issued an order directing Plaintiff to file an amended complaint. (ECF No. 9.) On July 13, 2026, Plaintiff filed an amended complaint. (ECF No. 10.) In deference to Plaintiff's *pro se* status, the Court will construe Plaintiff's original complaint (ECF No. 1) and amended complaint (ECF No. 10) to be one consolidated complaint, which is the operative complaint in this action.

[3] In Plaintiff's original complaint, he only identified Defendant Ranta. Therefore, the Court considers Defendant Ranta and the additional Defendants named in the amended complaint to be the Defendants named in Plaintiff's consolidated complaint.

[4] In this opinion, the Court corrects the Punctuation, grammar, capitalization, abbreviations in quotations from Plaintiff's filings.

Service," which Plaintiff claims "le[ft Plaintiff], once again, molested around . . . dinner time." (*Id.*)

Plaintiff also alleges that on November 12, 2025, he received the incorrect meal tray, and when Plaintiff complained to an unnamed CO, Plaintiff was re-served "with the same meal tray without [it] being corrected." (*Id.*, PageID.1.) Plaintiff requested to speak to a supervisor regarding the meal tray, and a non-party officer "cursed [Plaintiff], using unprofessional ways so that he could issue a fraudulent ticket." (*Id.*) Further, Plaintiff alleges that he filed grievances "since the incident date of April 30, 2025," but that his grievances have been denied by unnamed individuals with the response, "AMF Food Service will send replacement trays when notified by the unit officers that a problem exists with any meal." (*Id.*)

In Plaintiff's amended complaint, he alleges that he "ha[s] being going on here with personal abuse being done by three of the four Defendants." (Am. Compl., ECF No. 10, PageID.38.) Plaintiff does not indicate the dates on which this occurred. First, Plaintiff alleges that on an unspecified date, his "food has been taken by [Defendant] Ranta before, along with other [unnamed] co-workers of his. " (*Id.*) Then, Plaintiff asserts that on an unspecified date, Defendant CO Miller "made a claim that [Plaintiff would] kill her," which Plaintiff denies is true. (*Id.*) Plaintiff states that he has "been personally abused" by Defendant Miller's accusation regarding Plaintiff's above statement and that when Defendant Miller worked as a counselor, Plaintiff was "denied services" at an unspecified time. (*Id.*) Additionally, Plaintiff "spoke with" Defendant Assistant Deputy Warden Wertanen "lots of times about abuse that

[Defendant Wertanen] could get to stop happening." (*Id.*) Defendant Wertanen was going to "fix" Plaintiff's meal trays but, some time thereafter, Plaintiff's meal tray was not correct because of Defendant Palosarri. (*See id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims for verbal harassment and food deprivation. Plaintiff seeks monetary damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."b *Iqbal*, 556 U.S. at 678. bAlthough the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is

entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Miller

The Court construes Plaintiff's allegations regarding Defendant Miller's claims that Plaintiff threatened her as seeking to hold Defendant Miller liable for verbal harassment. (*See generally* Am. Compl., ECF No. 10.)

Although unprofessional, allegations of verbal harassment or taunts by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam). Additionally, allegations of verbal harassment do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See id.*; *see Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Accordingly, Plaintiff fails to state an Eighth Amendment claim premised on verbal harassment.

To the extent that Plaintiff intended any other claims against Defendant Miller for her allegations that Plaintiff threatened her, Plaintiff's allegations do not contain any facts to support further claims. Although Plaintiff alleges in a conclusory manner that he has been "personally abused" by Defendant Miller's accusations, Plaintiff provides no factual details regarding the dates of the accusation, who was made aware of the accusation, what type of "abuse" Plaintiff received or when it was received, or any facts regarding the context of Defendant Miller's accusation. For example, Plaintiff does not allege that he received a misconduct report for the alleged threat or that his issues with his food trays are connected to Defendant Miller's accusations. In short, Plaintiff fails to allege sufficient facts showing how Defendant Miller violated his constitutional rights.

Moreover, Plaintiff's allegation that when Defendant Miller was "working as a counselor, [Plaintiff was] denied services," at an unspecified time (Am. Compl., ECF No. 10, PageID.38), also fails to implicate any further constitutional claims. Plaintiff's sole conclusory statement that he was denied services provides no details regarding the dates of the service denial, the type of service denial, or how Defendant Miller was involved in the service denial. (*See id.*) Under these circumstances, Plaintiff's conclusory allegation, without any supporting facts or further explanation, is insufficient to state a claim against Defendant Miller.

Accordingly, for all the reasons set forth above, Plaintiff fails to state any claim against Defendant Miller.

**B. Defendants Ranta and Palosarri**

Plaintiff alleges that he was denied a meal tray on November 20, 2025, by Defendant Ranta. (Compl., ECF No. 1, PageID.2.) Plaintiff further alleges that on an unspecified date, Defendant Palosarri was responsible for an unspecified issue with Plaintiff's meal tray. (Am. Compl., ECF No. 10, PageID.38.) The Court construes Plaintiff's allegations as raising Eighth Amendment claims against Defendants Ranta and Palosarri.

"The Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food . . . ." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). However, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) . "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denying seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448,

456 (6th Cir. 2011) (denying five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered); *see also Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (denying a few meals over several months does not state a claim); *Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (depriving of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (depriving of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Here, Plaintiff identifies one occasion where Defendant Ranta took Plaintiff's meal tray, on November 20, 2025. (Compl., ECF No. 1, PageID.2.) Plaintiff later claims that his food has been "taken" by Defendant Ranta "before," but provides no facts to allow the Court to determine whether Plaintiff is referring to his prior allegation against Defendant Ranta or if there were additional meal tray incidents with Defendant Ranta. (*See* Am. Compl., ECF No. 10, PageID.38.) Then, on an unspecified date, Plaintiff alleges that Defendant Palosarri was responsible for an unspecified action that also impacted Plaintiff's meal tray in an unspecified manner. (*See id.*) Even if the Court assumes, without deciding, that Plaintiff was denied a full meal tray on two occasions, these allegations fall short of stating a claim under the objective prong of the deliberate-indifference standard. *See Cunningham*, 667 F.2d at 566.

Accordingly, for all the reasons set forth above, Plaintiff's Eighth Amendment claim relating to his meal trays will be dismissed for failure to state a claim.

**C. Defendant Wertanen**

Plaintiff "spoke with" Defendant Assistant Deputy Warden Wertanen "lots of times about abuse that [Defendant Wertanen] could get to stop happening" and Defendant Wertanen was going to "fix" Plaintiff's meal trays. (Am. Compl., ECF No. 10, PageID.38.)

Plaintiff seeks to hold Defendant Wertanen liable due to his supervisory positions, however, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (2009); *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendant Wertanen encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Plaintiff does not allege what "abuse" he was asking Defendant Wertanen to stop, nor does he allege what needed to be "fixed" with his meal trays. (Am. Compl., ECF No. 10, PageID.38.) Plaintiff's vague and undated conversations with Defendant Wertanen are insufficient to show supervisory liability against Defendant Wertanen.

Accordingly, for all of these reasons, Plaintiff's claims against Defendant Wertanen based upon supervisory liability will be dismissed for failure to state a claim.

**D. Non-Parties Referenced in the Complaint**

In Plaintiff's complaint, he describes the actions of several non-parties at AMF. (*See generally* Compl., ECF No. 1, PageID.1.) Plaintiff also referenced "other co-

workers," and "Defendants" in his amended complaint. (Am. Compl., ECF No. 10, PageID.38.)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, any intended claims against the non-party individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, as to Plaintiff's references to "co-workers," and "Defendants" in his amended complaint, "[s]ummary reference to a single, five-headed 'Defendants' [or co-workers] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what

each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, Plaintiff's general references to "co-workers" and "Defendants" are insufficient to show that any individuals, let alone each named Defendants, were personally involved in the actions that Plaintiff attributes to these groups of people.

Accordingly, for these reasons, all intended claims against non-parties will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: August 19, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge